IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KYLE DANNEL RYAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-021 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## SUPPLEMENT TO MARCH 1, 2011 REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner KYLE DANNEL RYAN has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 181st Court of Potter County, Texas, for the offense of aggravated assault. Along with the petition in the instant case, petitioner filed another federal habeas corpus petition in cause number 2:11-CV-020. Petitioner did not pay the $5.00 filing fee in either case, even though he had ample funds to do so. On March 1, 2011 the Court issued a Report and Recommendation to deny petitioner's application to proceed *in forma pauperis* because petitioner had the funds to pay the requisite $5.00 filing fee. On April 7, 2011, petitioner filed with the Court a letter he wrote to TDCJ officials indicating he filed with TDCJ two I-25 "Inmate Request for Withdrawal" forms asking for TDCJ to send the Court $10.00 to pay the filing fee in this case and in cause 2:11-CV-020. Along with the letter, petitioner sent one $5.00 money order. The Clerk of the Court applied the $5.00 to the first-filed case, 2:11-CV-020. The filing fee in this case has not yet been paid, although it appears the failure to pay the fee is not due

to any fault of the petitioner. Pursuing payment of the $5.00 filing fee would be a waste of judicial resources. Instead, the Court is issuing this Supplemental Report and Recommendation recommending that the case be DISMISSED as time barred.

On January 9, 2011,[1] petitioner, a state prisoner confined in the Beto Unit in Anderson County, Texas, filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. A review of the Offender Information Detail online database maintained by the Texas Department of Criminal Justice (TDCJ) indicates petitioner is confined pursuant to three July 2006 convictions for robbery, one September 2006 conviction for aggravated assault with a deadly weapon, and one September 2006 conviction for sexual assault of a child. By the instant petition, petitioner challenges the 2006 conviction for aggravated assault and resulting twenty-five-year sentence handed down in cause number 50,841 in the 181st District Court of Potter County, Texas. Petitioner is time barred from asserting his claims.

I.
PETITIONER'S ALLEGATIONS

In his petition, petitioner alleges his 2006 conviction was unlawful because:

1. Petitioner's sentence was improperly enhanced using a void juvenile conviction.

2. Petitioner received ineffective assistance of counsel during the punishment stage of trial due to counsel's failure to investigate the use of the juvenile conviction for sentence enhancement purposes.

---

[1] Even though the petition was received and file marked by this Court on January 26, 2011, petitioner's petition is deemed filed on January 9, 2011, which is the date he delivered the petition to prison officials for mailing to the district court. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

## II.
## THE PETITION IS NOT TIMELY FILED

### *A. Time Limitations*

Petitioner has filed his section 2254 petition after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). His claim is therefore governed by the AEDPA's provisions. *See Fisher v. Johnson,* 174 F.3d 710, 711 (5th Cir. 1999). The pertinent provisions of that statute state:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . [or]
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### *B. The Time Line in Petitioner's Case Under 28 U.S.C. § 2244(d)(1)(A)*

According to the habeas corpus petition, the date of judgment of conviction in petitioner's case was September 11, 2006. Petitioner did not directly appeal his conviction. Therefore, it became final thirty days after the entry of judgment, which was October 11, 2006. *See* Tex. R. App. P. 26.2(a)(1). Absent any tolling, the one-year AEDPA limitations period expired October 11, 2007.

Petitioner indicates he filed two state habeas corpus applications challenging the same

conviction challenged in this federal petition. Petitioner indicates he does not know when he filed the first state application. The Court of Criminal Appeals online database indicates it received the application on September 5, 2008 and denied the application without written order on September 24, 2008. *In re Ryan*, WR-70,635-01. The second state application challenging the aggravated assault conviction was received by the Court of Criminal Appeals on November 6, 2009 and dismissed as successive on November 25, 2009. *In re Ryan*, WR-40,635-04. Petitioner's federal habeas corpus petition was filed on January 9, 2011.

Without consideration of the state habeas corpus applications, petitioner's federal petition was due on October 11, 2007 but was not filed until January 9, 2011. The federal petition was over three years late. Even considering the state habeas corpus proceedings, however, the federal petition still does not meet the requirements of 28 U.S.C. § 2244(d)(1)(A). Petitioner did not begin the state habeas corpus process until 2008, almost one year after the federal AEDPA statute of limitations ran. The exact date of when petitioner filed his first state application is unknown. It is unlikely, however, that petitioner filed his first state application before October 2007 and it took the district court until September 2008 to forward the case to the Court of Criminal Appeals. Therefore, the first state application likely did not toll the AEDPA time period. *See* 28 U.S.C. § 2244(d)(1) (indicating the AEDPA time period is only tolled by state actions taken *within* the one year after the conviction's finality). Even if it did, however, the first application was denied in September 2008, and petitioner did not file his federal application until January 2011, after the passage of over two years. Likewise, the second state application was dismissed as successive on November 25, 2009, and petitioner waited over one year after that dismissal to file his federal habeas corpus petition. There is no scenario in which the instant petition is timely filed under 28 U.S.C. § 2244(d)(1)(A).

### C. The Time Line in Petitioner's Case Under 28 U.S.C. § 2244(d)(1)(C)

Petitioner avers application of 28 U.S.C. § 2244(d)(1)(C), as opposed to § 2244(d)(1)(A), is appropriate in his case. In petitioner's analysis, the one-year time period started on July 6, 2010, when the Supreme Court issued *Graham v. Florida*, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). Petitioner contends the Supreme Court in *Graham* recognized a constitutional right that is retroactively applicable to his case.

Petitioner's reading of *Graham* is incorrect. In *Graham*, the Supreme Court held that "for a juvenile offender who did not commit homicide the Eight Amendment forbids the sentence of life without parole." *Id.* at 2030. In cases of juvenile offenders, the State must give the offender "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.*

Petitioner in this case pled guilty to aggravated assault, which offense he committed as an adult. He represents to this Court in his Memorandum of Law in Support of Petition for Writ of Habeas Corpus that he pled true to at least one juvenile conviction at the time of sentencing in the aggravated assault case. Petitioner informs the court in the same Memorandum of Law that he was convicted on November 2, 2001, at which time he was a juvenile, of possession of more than one but less than four grams of cocaine. Petitioner does not state or affirmatively indicate he was a juvenile in 2006 when he received the sentence he challenges in the instant petition, a twenty-five year sentence as a result of the aggravated assault conviction.

Consequently, the facts of petitioner's case are completely dissimilar from the facts of *Graham*. Unlike the offender in *Graham*, petitioner is challenging a conviction he received as an adult. Unlike the offender in *Graham*, petitioner's sentence was not for life but for twenty-five years. Unlike the offender in *Graham*, petitioner is eligible for parole. The holding of *Graham* that

a *juvenile* offender convicted of a non-homicide offense cannot be sentenced to *life without parole* is wholly irrelevant to the case of an adult who receives a twenty-five year conviction for an offense committed as an adult and for which he is parole eligible. *See id.* Petitioner states his sentence was enhanced by a juvenile conviction, but *Graham* has nothing to do with an adult offender whose conviction was enhanced by a prior juvenile conviction. *Graham* only applies to prisoners convicted of offenses committed as juveniles and makes no statement whatsoever about the use of juvenile convictions for enhancement of offenses committed by adults. *See id.* Because *Graham* has no relevance to petitioner's case, the Court cannot use the day *Graham* was handed down as the beginning of the one-year AEDPA time period. *See* 28 U.S.C. § 2244(d)(1)(C). The applicable time period began on the day petitioner's conviction became final, and, by that measure, the instant petition is time barred. *See* 28 U.S.C. § 2244(d)(1)(A). Put another way, all of the arguments petitioner raises in the instant petition are arguments he could have raised immediately after the conviction became final. Therefore, § 2244(d)(1)(A) is the applicable provision.[2]

Besides attempting to use the 2010 hand-down date from *Graham*, petitioner has not offered any explanation justifying the lengthy delay between the finality of his conviction and his pursuit of post-conviction remedies. This Court can see no reason to equitably toll the time line in petitioner's case. *See Holland v. Florida*, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)*; Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1991). Without the imposition of equitable tolling, and under the standards of 28 U.S.C. § 2244(d)(1)(A), petitioner's federal habeas corpus petition is time barred

---

[2] A petitioner who pleads true to a prior conviction waives any argument on federal habeas corpus relating to the validity of the conviction's use for enhancement purposes. *See Price v. Beto*, 436 F.2d 1070, 1071 (5th Cir. 1971). Moreover, a conviction out of juvenile court occurring after 1996 is a final conviction under Texas law and therefore available for enhancement purposes. *See* Tex. Pen. Code Ann. § 12.42(f) (Vernon 2003). The means that a defendant's attorney is not ineffective if he fails to object to use of the juvenile conviction during the punishment phase of trial because such an objection would be meritless. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (holding counsel does not render ineffective assistance of counsel by failing to make futile or meritless objections).

and should be dismissed as such.

## III.
## RECOMMENDATION

Petitioner is time barred from asserting the claims in the instant petition. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner KYLE DANNEL RYAN be DISMISSED as time barred.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of April, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## *  <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).